ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓN DE PUERTO RICO<br>RECURRIDO<br><br>v.<br><br>JESSE HOLT, AMANDA HOLT; LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR JESSE HOLT Y AMANDA HOLT HNC LA FINCA DULCE VISTA; 2020 GROUP, LLC P/C AMANDA HOLT<br>RECURRENTE | TA2025RA00109 | Revisión Administrativa procedente de la Junta de Planificación de Puerto Rico<br><br>Querella Núm: 2021-SRQ-008092 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

Comparecen ante esta Curia, Jesse y Amanda Holt (matrimonio Holt), la sociedad legal de gananciales compuesta por ambos y 2020 Group, LLC (conjuntamente, los Recurrentes). Solicitan que dejemos sin efecto la *Tercera Notificación de Hallazgo(s) y Orden de Mostrar Causa* que notificó la Junta de Planificación de Puerto Rico (Junta), el 23 de mayo de 2025. En ella, por primera vez, la Junta incluyó como parte querellada a 2020 Group, LLC y a la sociedad de gananciales compuesta por el matrimonio Holt, contra quienes extendió el boleto de multa administrativa previamente impuesto a Jesse Holt, Amanda Holt y Nice Realty Group, LLC (Nice Realty).

Adelantamos que, luego de examinar el recurso, resolvemos desestimarlo por falta de jurisdicción. Veamos.

**I.**

El 16 de septiembre de 2021, la Junta instó la *Notificación de Hallazgo(s) y Orden de Mostrar Causa* (Querella Núm. 2021-SRQ-008092) en contra del matrimonio Holt y de Nice Realty. Le imputó, entre otros, haber realizado unas obras de construcción, haber fabricado una piscina, haber removido corteza terrestre y depositado relleno, todo, sin los permisos correspondientes. Sin embargo, el servicio postal devolvió a la agencia la notificación de la referida querella, remitida a Nice Realty a la dirección: 1 Avenida Laguna, Apartamento 7C, Carolina, PR 00979. En su consecuencia, la Junta procedió a emitir una *Segunda Notificación de Hallazgo(s) y Orden de Mostrar Causa,* la cual notificó al Sr. Jesse Holt y a la Sra. Amanda Holt, a la misma dirección de la primera notificación, así como, a Nice Realty a Cond Intersuite Apt. I-JK, Carolina PR 00979.

En reacción, el Sr. Jesse Holt contestó la querella y, además de negar las alegaciones sobre las cuales la Junta sustentó la imposición de una multa administrativa, levantó como defensa la falta de parte indispensable. Lo antes, fundamentado en que, la Junta omitió notificar la querella a la Sra. Amanda Holt y a la sociedad de gananciales que compone el matrimonio Holt.

A raíz de lo anterior, y tras el correo postal devolver la notificación dirigida a Nice Realty y a la Sra. Amanda Holt, la Junta emitió la *Tercera Notificación de Hallazgo(s) y Orden de Mostrar Causa* objeto de impugnación. Además de remitirla a la Sra. Beddy Montalvo -en representación de la parte querellante- y al Lic. Miguel Torres, representante legal de los querellados, la Junta notificó al matrimonio Holt, a la sociedad legal de gananciales que ellos componen y a 2020 Group, LLC a la dirección: A29 Calle Ausubo, Urb. Las Gaviotas, Fajardo, PR 00738, y a los correos electrónicos [jesswholt@gmail.com](mailto:jesswholt@gmail.com) y [amandaholt2020@gmail.com](mailto:amandaholt2020@gmail.com). En su dictamen, la Junta ordenó a los recurrentes mostrar causa por la cual la agencia no deba: imponerles una multa de $12,079.12, adicional a la previamente impuesta (multa núm. 001387);

ordenarles la demolición de la obra ilegalmente construida; entre otros requerimientos.

Inconformes, el 12 de junio de 2025, los recurrentes presentaron ante la Junta una *Moción de desestimación, reconsideración y/o relevo de multa, para mostrar causa y en solicitud de remedios.* Argumentaron que, la Junta tramitó un procedimiento adjudicativo y emitió sanciones relacionadas al solar número 18 de la Urbanización Quintas de Ceiba del Municipio de Ceiba, durante cuatro (4) años, sin haber notificado al único titular registral del referido inmueble -2020 Group, LLC-. Aseguraron que, 2020 Group, LLC ha estado activamente gestionando la legalización de las estructuras en cuestión. En particular, solicitó una sentencia declaratoria de usucapión ante el Tribunal de Primera Instancia que le permita clarificar los linderos reales del inmueble y obtener la documentación y los planos necesarios para solicitar los permisos correspondientes. En atención a lo anterior, solicitaron la desestimación de la querella, o en su defecto, que la Junta dé por cumplida la orden de mostrar causa y provea un plazo a 2020 Group, LLC para que pueda legalizar las estructuras mediante la obtención de los permisos de rigor.

Ante la inacción de la Junta sobre el referido petitorio de desestimación, 28 de julio de 2025, los recurrentes acuden ante esta Curia mediante el presente *Recurso de Revisión Administrativa* en donde imputan a la agencia la comisión de dos (2) errores:

> Erró la Junta de Planificación al no reconsiderar y/o decretar el relevo y dejar sin efecto la multa #001387 del 19 de octubre de 2021 contra la parte recurrente por haberse impuesto sin jurisdicción sobre el verdadero dueño de la propiedad inmueble, 2020 Group, LLC, quien no fue incluido oportunamente como parte en el procedimiento administrativo previo a su imposición.

> Erró la Junta de Planificación al no desestimar o decretar el archivo de la querella núm. 2021-SRQ-008092 en su totalidad por falta de jurisdicción sobre la persona, al haberse tramitado durante más de cuatro años sin la inclusión del verdadero titular del inmueble, 2020 Group, LLC, privándole así de toda oportunidad de ser oído en violación al debido proceso de ley.

En su escrito en oposición, la Junta solicita la desestimación del recurso de revisión, bajo el fundamento de que esta Curia carece de jurisdicción para intervenir con un dictamen de la agencia que no es final. En la alternativa, asegura haber salvaguardado el debido proceso de ley de 2020 Group, LLC con la notificación de la *Tercera Notificación de Hallazgo(s) y Orden de Mostrar Causa*. Sobre tales bases, reclama la desestimación del recurso con el fin de que continúe el trámite administrativo ante la Junta.

Con el beneficio de las posturas de ambas partes, resolvemos.

**II.**

**A. La jurisdicción**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Greene y otros v. Biase y otros,* 2025 TSPR 83, resuelto el 21 de agosto de 2025. Es por ello, que, la falta de jurisdicción incide directamente sobre el poder mismo para adjudicar una controversia. *R&B Power, Inc. v. Junta de Subastas ASG,* 213 DPR 685 (2024). De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como el que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374 (2020).

En ese sentido, en reiteradas ocasiones el Tribunal Supremo ha expresado que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, sin poseer discreción para asumirla donde no la hay. *Greene y otros v. Biase y otros,* supra. A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia. *Íd.* A causa de ello, cuando un tribunal

determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, conforme a lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos. *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384 (2022).

Como se sabe, el Artículo 4.006 de la Ley de la Judicatura de 2003, Ley Núm. 201-2003, establece que el Tribunal de Apelaciones tendrá competencia para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas. Véase, *ORIL v. El Farmer, Inc.*, 204 DPR 229, (2020). A tenor con lo anterior, la Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672, dispone que:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. [...]

A esos efectos, la Regla 57 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, establece un término jurisdiccional de treinta (30) días para recurrir ante esta Curia de una orden o resolución final de una agencia u organismo administrativo, el cual comienza a transcurrir con el archivo en autos de copia de la notificación de la **resolución final** de la agencia administrativa. De igual modo, la Sección 4.1 de la LPAU, 3 LPRA sec. 9671, dispone que la revisión judicial está disponible para las "órdenes, resoluciones y providencias adjudicativas **finales** dictadas por agencias o funcionarios administrativos". (Énfasis nuestro).

Este requerimiento de una **decisión final** para poder recurrir en revisión judicial también surge de la Regla 56 del Reglamento del Tribunal de Apelaciones, *supra.* Nuestro reglamento establece en la Parte VII –sobre revisión de decisiones administrativas– que gobernará el trámite de las revisiones de todos los recursos presentados ante esta Curia para la revisión de las decisiones, reglamentos, órdenes, resoluciones y providencias **finales** dictadas por los organismos o las agencias administrativas o por sus funcionarios o funcionarias. *Íd.*

Sobre este asunto, el Tribunal Supremo expresó en *Oficina de Asuntos Monopolísticos del Departamento de Justicia y otro v. Abarca Health, LLC,* 2025 TSPR 23, resuelto el 13 de marzo de 2025, que, de ordinario, las determinaciones interlocutorias de los organismos administrativos no son susceptibles de revisión judicial, por virtud de la citada Sección 4.2 de la LPAU. El propósito legislativo envuelto es evitar la revisión de órdenes o resoluciones interlocutorias que interrumpan injustificadamente el trámite administrativo. *Íd.* El legislador aseguró con esta disposición que la intervención judicial ocurra luego de la culminación del trámite administrativo y de la adjudicación de todas las controversias. *Íd.*

Cabe puntualizar que, las órdenes o resoluciones finales son aquellas que le ponen fin a los procedimientos administrativos, que resuelven todas las controversias pendientes ante la agencia y que tienen efectos sustanciales sobre las partes. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros,* 2024 TSPR 64, resuelto el 18 de junio de 2024. Las situaciones que justifican preterir el trámite administrativo son similares a las excepciones a la doctrina de agotamiento de remedios administrativos, estas toman lugar cuando: la agencia claramente no tiene jurisdicción; la posposición causa un daño irreparable o; se trata de un asunto de estricto Derecho que no requiere de los conocimientos especializados de la agencia. *Oficina de Asuntos*

*Monopolísticos del Departamento de Justicia y otro v. Abarca Health, LLC*, supra.

**III.**

En la presente causa, debemos adjudicar como cuestión de umbral si estamos ante la solicitud de revisión judicial de una resolución o determinación final de la Junta de Planificación de Puerto Rico, a modo de acreditar nuestra jurisdicción.

Según expusimos en el tracto procesal, en el dictamen cuestionado la Junta ordenó a los recurrentes mostrar causa por la cual la agencia no debía: imponer otra sanción de $12,079.12, adicional a la notificada el 19 de octubre de 2021 por la misma cuantía (multa núm. 001387); ejecutar la multa previa; y solicitar la demolición de la estructura ilegalmente construida; para lo cual concedió un plazo de veinte (20) días. En desacuerdo, los recurrentes instaron un petitorio de desestimación ante la Junta y presentaron sus argumentos en cumplimiento con la orden de mostrar causa. Sin embargo, debido al silencio de la agencia sobre el particular, y por entender que su petitorio fue rechazado de plano, los recurrentes acudieron ante esta Curia en revisión judicial.

Tras evaluar sosegadamente el recurso de epígrafe junto a la oposición de la Junta y los documentos que forman parte del expediente digital, colegimos que carecemos de jurisdicción para intervenir sobre este asunto. Nos explicamos.

Nos resulta evidente que la *Tercera Notificación de Hallazgo(s) y Orden de Mostrar Causa,* aquí impugnada, atendió el planteamiento de falta de parte indispensable al notificar adecuadamente a todos los recurrentes como partes querelladas. Lo antes, sin poner fin a la querella objeto de este pleito. Cabe puntualizar que, la defensa de parte indispensable constituye una defensa irrenunciable, susceptible de invocarse en cualquier etapa de los procesos. *Inmobiliaria Baleares, LLC y otros v. Benabe González y otros,* 2024 TSPR 112, resuelto el 21 de octubre de 2024.

Mediante su pronunciamiento, la Junta se reservó su autoridad para atender y adjudicar la presente querella, no sin antes, evaluar los fundamentos sobre los cuales los recurrentes entienden que no procede la imposición de una sanción adicional. Entiéndase que, la determinación recurrida constituye un dictamen interlocutorio de la Junta que carece de finalidad, por lo cual, no es revisable por este Tribunal, según la normativa aplicable.

Por las razones que anteceden, procede la inmediata desestimación del recurso apelativo de epígrafe. A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, faculta a esta Curia a desestimar el presente *Recurso de Revisión Administrativa* en ausencia de jurisdicción.

## IV.

Por los fundamentos expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones